No. 15,486.

PENNY *v.* ANDEREGG ET AL.
(160 P. [2d] 361)

Decided June 4, 1945.   Rehearing denied July 2, 1945.

Mr. S. N. TRUE, Mr. E. V. HOLLAND, for plaintiff in error.

Messrs. HELMAN & YOUNGE, for defendants in error.

*En Banc.*

Mr. Justice Stone delivered the opinion of the court.

Plaintiff in error, who was plaintiff below, when eighteen years of age brought action through her mother as guardian ad litem to recover damages resulting from injuries received when she was struck by a taxicab owned by defendant Anderegg and driven by defendant Roberts. Her parents instituted a separate suit for medical fees and expenses for which they were obligated, and necessarily incurred as a result of the accident. Defendants answered by general denial and allegation of contributory negligence. The two cases were consolidated for trial, and May 4, 1940, the jury returned verdicts favorable to plaintiffs in both actions, whereon judgments were entered accordingly.

Plaintiff became of legal age on the tenth day of February, 1942, and more than nine months thereafter, November 20, 1942, filed a motion in her case reciting the recovery of judgment in the sum of $1,000, the payment thereof into the registry of the court, her refusal to accept the same and praying for a new trial for reasons as set out in the motion. Thereafter, on the second day of March, 1943, over objection of defendants, plaintiff was permitted to introduce testimony in support of her motion, which was denied by the court who made findings against plaintiff on all pertinent matters raised as basis therefor, and to review such determination the case is now presented here by writ of error.

Plaintiff specifies certain points for reversal, urging first the insufficiency of the verdict and judgment for the reason that she suffered injuries conclusively shown by the evidence to be permanent, and the record discloses necessary expenditures resulting therefrom in a sum nearly equal to the amount of the judgment. Plaintiff's complaint included no claim whatever for expenses, and there is no showing in the record either of emancipation or liability on her part for any expense whatever. All expenses claimed were incurred by plain-

tiff's parents and judgment was rendered therefor in their favor in their separate suit; further, a study of the record shows abundant evidence from which the jury might well have determined that plaintiff's injuries were neither serious nor permanent.

It is further argued that plaintiff's guardian ad litem had differed with her counsel concerning the conduct and proposed settlement of the case, but this appears nowhere in the record except from a mere statement thereof in connection with the motion for a rehearing, and there is no showing that plaintiff's rights were in any manner adversely affected thereby. The case appears to have been capably prepared and diligently presented, and present counsel for plaintiff in their brief specifically disclaim any criticism of the conduct of counsel appearing for plaintiff below, and they definitely admit that there is no showing of fraud or collusion.

■ With this background, plaintiff urges that the favorable verdict below and judgment thereon for plaintiff should now be set aside for the reason that no motion for new trial was filed in apt time by her counsel and that no order was entered in the case dispensing therewith, the theory asserted being that when representing a minor a duty was imposed upon the guardian ad litem and counsel either to file such motion or to obtain instructions from the court with reference thereto for the protection of the rights of the infant. No authority is cited to support this contention. If such order were requisite, the ruling of the court denying plaintiff's present motion for a new trial would appear sufficient to indicate its conclusion that plaintiff's case was vigorously presented, that the conflicting evidence was such as to support a verdict in behalf of either party, or for plaintiff in either a lesser or greater amount than that awarded, and that there was no basis for inference of negligence in the failure to file a motion for new trial. Further, there is no showing that

defendants were in collusion with the guardian ad litem for the purpose of preventing the presentation of such a motion, neither is there any showing that any sufficient legal ground existed therefor.

Where an infant plaintiff, as here, has been fully represented in the trial of a contested case by a guardian ad litem and competent counsel, in the absence of clear showing of fraud, collusion or injustice, he is bound by the resulting judgment and by the statutes and rules of court in matters pertaining to its review as fully as though he was of legal age.

Judgment affirmed, costs, including that of supplemental abstract of record, to be taxed to plaintiff.

MR. JUSTICE KNOUS did not participate.